UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE FAIRLEY,

               Plaintiff,

v.

STATE FARM MUTUAL,
AUTOMOBILE INSURANCE CO.,

               Defendant.

_____/

Case No. 08-10924

John Feikens
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 18)**

## I.  PROCEDURAL HISTORY

This case involves an action by plaintiff Antoinette Fairley against

defendant for benefits under an automobile insurance policy.  The case was

originally filed in state court and removed to federal count by defendant.  (Dkt. 1).

On September 11, 2008, defendant filed a motion to compel that related to

requests for medical records and deposition dates that defendant had previously

requested from plaintiff.  (Dkt. 5).  On September 12, 2008, plaintiff's attorney

filed a motion to withdraw.  (Dkt. 6).  After apparently receiving some answers to

discovery, defendant filed a second motion to compel, requesting more specific

answers to discovery. (Dkt. 12). On October 22, 2008, District Judge John Feikens referred this case to the undersigned for all pretrial purposes. (Dkt. 10).

Pursuant to notice, a hearing on these motions was held telephonically on November 13, 2008. (Dkt. 11, 16). Matthew J. Nagaj, attorney for plaintiff, and Diane L. Aimar-Saylor, attorney for defendant, participated in the hearing. With respect to the motion to withdraw, Mr. Nagaj indicated that his relationship with his client had broken down and that he was unsure whether plaintiff intended on obtaining a new attorney or even whether plaintiff intended to continue with this litigation under any circumstances. Counsel for defendant did not object to Mr. Nagaj withdrawing as counsel for plaintiff. With respect to the motion to compel, the primary obstacle to defendant obtaining the discovery it has requested appears to be the failure of plaintiff to communicate with her counsel, as described by Mr. Nagaj at the November 13, 2008 hearing. On November 14, 2008, the Court entered and order granting the motion to withdraw, directing plaintiff to obtain new counsel within 30 days or be prepared to prosecute this matter without counsel. (Dkt. 17). The Court also granted defendant's motion to compel, ordering plaintiff to provide signed authorizations allowing defendant to obtain plaintiff's medical or other records from each of the doctors or other entities identified in its motion to compel and ordering plaintiff to fully respond to

Report and Recommendation
Defendant's Motion to Dismiss
*Fairley v. State Farm*; 08-10924

defendant's first request for production of documents.  (Dkt. 17).  Plaintiff was

ordered to comply with the requirements of the November 14, 2008 Order within

30 days of its entry and, "[i]n the event that plaintiff does not comply with this

Order within that time period the undersigned will recommend that the present

action be dismissed as a sanction for failing to comply pursuant to Rule

37(b)(2)(A)(v)." (Dkt. 17).

As directed in the November 14, 2008 Order, defendant filed a motion to

dismiss and to enforce the previous order, on December 18, 2008, asserting that

plaintiff failed to comply with the November 14, 2008 Order and requesting

dismissal under Federal Rule 37(b)(2)(A)(v).  (Dkt. 18).  Plaintiff has not

responded to defendant's motion to dismiss.

## II.    DISCUSSION

Federal Rule of Civil Procedure 37(b) provides in pertinent part:

> (2) Sanctions in the District Where the Action Is
> Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a
> party's officer, director, or managing agent--or a witness
> designated under Rule 30(b)(6) or 31(a)(4)--fails to obey
> an order to provide or permit discovery, including an
> order under Rule 26(f), 35, or 37(a), the court where the
> action is pending may issue further just orders. They may
> include the following:

\* \* \*

(v) dismissing the action or proceeding in
whole or in part.

"The use of dismissal as a sanction for failing to comply with discovery has been

upheld because it accomplishes the dual purpose of punishing the offending party

and deterring similar litigants from misconduct in the future." *Freeland v. Amigo,*

*103 F.3d 1271, 1277 (6th Cir. 1997).*  However, "[d]ismissal of an action for

failure to cooperate in discovery is a sanction of last resort that may be imposed

only if the court concludes that a party's failure to cooperate in discovery is due to

willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.,* 842

*F.2d 150, 153-54 (6th Cir. 1988),* quoting, *Patton v. Aerojet Ordnance Co.,* 765

*F.2d 604, 607 (6th Cir. 1985).*

A four factor test is used to decide whether the sanction of dismissal is

within the Court's discretion under Rule 37, identical to those used for Rule 41

failure to prosecute dismissals:[1]

> The first factor is whether the party's failure to cooperate
> in discovery is due to willfulness, bad faith, or fault; the
> second factor is whether the adversary was prejudiced by
> the party's failure to cooperate in discovery; the third
> factor is whether the party was warned that failure to
> cooperate could lead to the sanction; and the fourth

---

[1]  *See e.g., Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005)

> factor in regard to a dismissal is whether less drastic
> sanctions were first imposed or considered.

*Freeland*, 103 F.3d at 1277.

In this case, the Court plainly warned plaintiff that her case would be dismissed if she failed to comply with the Court's order. (Dkt. 17). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action," that plaintiffs have "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiffs' complete failure to participate in this case for over four months, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to comply with the Court's discovery order.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of

Report and Recommendation
Defendant's Motion to Dismiss
*Fairley v. State Farm*; 08-10924

delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte*

dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."

*White*, at \*5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984).

Under the circumstances presented in this case, the undersigned suggests that

dismissal is appropriate.

## III.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that

plaintiff's complaint be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 10 days of service,

as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any

objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"
etc.  Any objection must recite precisely the provision of this Report and
Recommendation to which it pertains.  Not later than 10 days after service of an
objection, the opposing party must file a concise response proportionate to the
objections in length and complexity.  The response must specifically address each
issue raised in the objections, in the same order, and labeled as "Response to
Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that
any objections are without merit, it may rule without awaiting the response.

Date: March 12, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 12, 2009, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send electronic
notification to the following: Diane L. Aimar-Saylor and James F. Hewson, and I
certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants: Antoinette Fairley, 3991 Courville, Detroit, MI
48224, Antoinette Fairley, 795 Tennessee, Detroit, MI 48215, and Barry F.
LaKritz, Attorney at Law, 39400 Woodward Avenue, Suite 200, Bloomfield Hills,
MI 48304-5153.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov